# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into as of the Effective Date, by and between Plaintiffs Carlos Encinas, Jennifer Encinas, S.E., Tom Doe, Rebecca Doe, and P.D. ("Plaintiffs") and Defendants Emily Andrade, Tom Morton, Marla Strich, Marlon Taylor, Jodie Williams, sued in their official capacities, and Defendants Andrée Grey, Amy Illingworth, Christie Kay, Sean Murphy, and Kathryn West, sued in their official and individual capacities ("Defendants") as well as the Encinitas Union School District ("District"). Plaintiffs, Defendants and the District are collectively referred to herein as the "Parties." "Effective Date" means the date on which the last Party whose signature is required executes this Agreement.

### Recitals

WHEREAS, Plaintiffs filed a civil action against Defendants in the Southern District of California, bearing Case No. 3:24-cv-1611 (the "Action").

WHEREAS, to avoid the further time and expense of litigation, the Parties now desire to fully and finally settle, compromise, and resolve all claims and disputes arising out of or related to the Action.

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants contained herein, the Parties have reached the following Agreement.

### Agreement

1. **Court Approval; Vacatur of Preliminary Injunction; Dismissal.** This Agreement resolves claims asserted on behalf of minor Plaintiffs S.E. and P.D. The Parties shall jointly seek all magistrate judge review and Court approval required by Civil Local Rule 17.1. The Parties shall, within five (5) court days after the Effective Date of this Agreement, jointly submit or file all papers reasonably necessary to obtain the required magistrate judge review and Court approval of the minors' compromise and to request entry of an order: (a) approving the minors' compromise; (b) vacating the preliminary injunction order entered in this Action at ECF No. 48; (c) dismissing the Action with prejudice, with each Party to bear its own attorneys' fees and costs except as otherwise provided in this Agreement; and (d) retaining jurisdiction solely to enforce payment of the Settlement Amount as provided in this Agreement. The Parties acknowledge and agree that the request for vacatur of the preliminary injunction is included in the Parties' joint submission solely to effectuate the material terms of this Agreement. The Parties shall cooperate in good faith to coordinate the required magistrate judge review and present the requested relief to the Court in a manner that permits, to the extent procedurally appropriate, entry of a single order accomplishing the foregoing. The Parties acknowledge that approval of the minors' compromise and vacatur of the preliminary injunction order are subject to Court approval. Defendants' and the District's obligations to fund the Settlement Amount are expressly conditioned upon entry of an order approving the minors' compromise, vacating the preliminary injunction, dismissing the Action, and retaining jurisdiction to enforce payment as provided herein.

If the Court initially declines to grant any of the requested relief, such denial shall not, by itself, terminate this Agreement. The Parties shall cooperate in good faith to address the Court's stated reasons for declining the requested relief and shall make such reasonable modifications to

the approval and disposition process as may be necessary to effectuate the material terms and objectives of this Agreement, provided that no Party shall be required to agree to any modification of a material term of this Agreement.

2.    **Settlement Payment.**    Within thirty (30) days after entry of the order described in Paragraph 1, Defendants and/or the District shall pay or cause to be paid to Plaintiffs the total sum of One-Hundred Seventy-Five Thousand Dollars ($175,000.00) (the "Settlement Amount"). Except for payment of the Settlement Amount, each Party shall bear its own attorneys' fees and costs.  Payment shall be made by wire transfer or certified check payable to Plaintiffs' counsel at First Liberty Institute in trust for Plaintiffs and shall be distributed in accordance with the Court-approved minors' compromise. For purposes of obtaining Court approval of the minors' compromise, Plaintiffs shall disclose the allocation of the Settlement Amount, including the gross and net amounts allocated to S.E. and P.D., attorneys' fees and costs, and any amounts allocated to the adult Plaintiffs, if any, as required by the Court. Plaintiffs shall be responsible for obtaining and complying with any blocked-account or other orders the Court requires concerning the minors' settlement proceeds.

Plaintiffs expressly waive and release any claim for attorneys' fees, costs, or expenses under 42 U.S.C. § 1988 or any other statute, rule, contract, or legal theory arising from or relating to the Action, except to the extent such fees and costs are included within the Settlement Amount.

3.    **Retention of Jurisdiction.**   As part of the joint motion described in Paragraph 1 above, the Parties shall jointly request that the Court expressly retain jurisdiction following dismissal solely to enforce Defendants' and the District's obligation to pay the Settlement Amount in accordance with Paragraph 2. The Court's retained jurisdiction shall terminate upon Plaintiffs' counsel's receipt of the Settlement Amount.

4.    **Mutual Release of Claims.**   In consideration for the Settlement Amount and other consideration provided under this Agreement, all Parties, including Defendants who were sued in their official capacities and individual capacities, mutually agree to release any claims relating to the incidents giving rise to this lawsuit, including all claims resulting from any conduct which has occurred up until and through the Effective Date of this Agreement, including any and all claims not pleaded therein, all cross-claims, counterclaims, or any claims cognizable or allowable pursuant to amendment against the Defendants and/or the District, or which could have been raised in the Action by way of counterclaim, cross-claim, third-party claim to the Action, or which are otherwise based upon or arising out of any conduct of the Defendants and/or the District which has occurred up to and including the Effective Date of this Agreement, including those claims of which Plaintiffs are not presently aware and any claims not specifically mentioned in this Agreement

5.    **Waiver of California Civil Code Section 1542.**    All parties acknowledge that they have read and understand California Civil Code section 1542, which provides:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

The Parties expressly waive and relinquish all rights and benefits afforded by California Civil Code section 1542 and any similar law or principle of any jurisdiction with respect to the claims released by this Agreement. The Parties acknowledge that they may hereafter discover facts different from or in addition to those they now know or believe to be true concerning the matters released herein, but nevertheless intend that the releases provided in this Agreement shall be full, final, and complete notwithstanding the discovery of any such different or additional facts. With respect to S.E. and P.D., this release and waiver shall be effective only to the extent approved by the Court in connection with the minors' compromise.

6.      **Non-Admission/No Prevailing Party.**      The Parties acknowledge and agree that this Agreement is a compromise entered into solely to avoid the continued expense, burden, uncertainty, and consumption of resources associated with further litigation, and does not constitute an admission or concession by any Party concerning the merits of any claim, defense, allegation, or position asserted in the Action. The Parties agree that this Agreement does not and shall not constitute or be construed as an admission by any Defendant or the District of liability, wrongdoing, or any of the matters alleged in the Action, or any violation of any federal, state, or local law.  Neither this Agreement, the payment of the Settlement Amount, nor the settlement or dismissal of the Action shall constitute or be construed as a determination that any Party prevailed on the merits or is a "prevailing party" for any purpose, including any claim for attorneys' fees or costs. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Defendants or the District. This Agreement may be introduced, however, in any proceeding to enforce this Agreement.

7.      **Governing Law.**      This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to conflict-of-laws principles.

8.      **Entire Agreement; No Reliance; Amendment.**      This Agreement constitutes the entire agreement and understanding between the Parties concerning the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, representations, promises, understandings, and agreements, whether oral or written, concerning such subject matter. Each Party acknowledges that, in entering into this Agreement, it has not relied upon any representation, promise, or statement not expressly set forth in this Agreement. No amendment, modification, or waiver of any provision of this Agreement shall be effective unless in writing and signed by the Parties against whom enforcement is sought. No statement or representation made during settlement negotiations shall constitute a term of this Agreement unless expressly incorporated herein.

9.      **Authority; Counterparts; Electronic Signatures.**      Each person executing this Agreement on behalf of an entity represents and warrants that he or she is duly authorized to execute this Agreement and bind that entity. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together constitute one instrument. Electronic and PDF signatures shall have the same force and effect as original signatures. The District represents that all approvals necessary to authorize its execution and performance of this Agreement have been obtained.

**IN WITNESS WHEREOF**, the Parties knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below.

**PLAINTIFFS:**

Signature: _____    Date: _____
Carlos Encinas

Signature: _____    Date: _____
Jennifer Encinas

Signature: _____    Date: _____
Carlos Encinas ex rel. S.E.

Signature: *Tom Doe*    Date: 7-23-26
Tom Doe

Signature: *Rebecca Doe*    Date: 7/23/26
Rebecca Doe

Signature: *Tom Doe ex rel. P.D.*    Date: 7-23-26
Tom Doe ex rel. P.D.

**DEFENDANTS:**

Signature: _____    Date: _____
Emily Andrade

Signature: _____    Date: _____
Tom Morton

**IN WITNESS WHEREOF**, the Parties knowingly and voluntarily executed this Settlement Agreement and General Release as of the date set forth below.

**PLAINTIFFS:**

Signature: _Carlos Encinas (Jul 23, 2026 20:20:33 PDT)_      Date: 23/07/2026

Carlos Encinas

Signature: _Jenny Encinas (Jul 23, 2026 20:05:29 PDT)_      Date: 23/07/2026

Jennifer Encinas

Signature: _Carlos Encinas (Jul 23, 2026 20:20:33 PDT)_      Date: 23/07/2026

Carlos Encinas ex rel. S.E.

Signature: _____      Date: _____

Tom Doe

Signature: _____      Date: _____

Rebecca Doe

Signature: _____      Date: _____

Tom Doe ex rel. P.D.

**DEFENDANTS:**

Signature: _Emily Andrade_      Date: 7-27-26

Emily Andrade

Signature: _T. Morton_      Date: 7-27-26

Tom Morton

Signature: _____  Date: 7/27/26
Marla Strich

Signature: _____  Date: 7/27/26
Marlon Taylor

Signature: _____  Date: 7/27/26
Jodie Williams

Signature: _____  Date: 7/27/26
Andrée Grey

Signature: _____  Date: 7/24/26
Amy Illingworth

Signature: _____  Date: 7.24.26
Christie Kay

Signature: _____  Date: 7.24.26
Sean Murphy

Signature: _____  Date: 7.24.26
Kathryn West

**ENCINITAS UNION SCHOOL DISTRICT:**

Signature: _____  Date: 7/27/26
Andrée Grey, authorized following Board approval