UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.E., et al., Plaintiffs,<br>v.<br>ANDRÉE GREY, et al., Defendants. | Case No.: 24-cv-1611-SBC<br>**ORDER GRANTING JOINT MOTION TO APPROVE MINORS' COMPROMISE, VACATE PRELIMINARY INJUNCTION ORDER, AND TO VOLUNTARILY DISMISS ACTION [DKT. NO. 92]** |

Pending before the Court is a Joint Motion to Approve Minors' Compromise, Vacate Preliminary Injunction Order, and to Voluntarily Dismiss Action. (Dkt. No. 92.) For the reasons set forth below, the joint motion is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

Plaintiffs in this case include S.E., a minor by and through his parents, Carlos and Jennifer Encinas; Carlos and Jennifer Encinas; P.D., a minor by and through his parents, Tom and Rebecca Doe; and Tom and Rebecca Doe. (Dkt. No. 1.)[1] Defendants include

[1] On January 15, 2025, the Court granted Plaintiffs Tom and Rebecca Does' motion for leave to proceed under fictitious names. (Dkt. No. 35.)

Andrée Grey, the Superintendent of the Encinitas Union School District; Amy Illingworth, the Assistant Superintendent of the Encinitas Union School District; Christie Kay, the Principal of La Costa Heights Elementary School; Sean Murphy and Kathryn West, teachers at La Costa Heights Elementary School; and Emily Andrade, Tom Morton, Marla Strich, Marlon Taylor, and Jodie Williams, board members of the Encinitas Union School District. The following background is taken from the allegations in Plaintiffs' complaint and is substantially the same as set forth in the Court's January 15, 2025 Order Granting in Part and Denying in Part Motion for Leave to Proceed Under Fictitious Names and for Protective Order (*see* Dkt. No. 35):

Plaintiffs S.E. and P.D. attended school at La Costa Heights Elementary School in the Encinitas Union School District. This case arises from a gender-identity educational activity which was at odds with Plaintiffs' religious beliefs. The school activity at issue occurred in the context of a "buddy" program which pairs fifth graders with kindergarteners. First, the teacher read a book entitled "My Shadow is Pink" to S.E. and P.D.'s fifth grade class. The book was about a boy who believed his gender differed from his father's because the boy liked to wear dresses and play with toys associated with girls. In the book, the boy imagined gender as being either pink or blue. The story involves a conflict between the boy and his father, where the father eventually comes to accept his son's belief and agrees that the boy's pink shadow is not just a phase but reflects his "inner-most self." Next, the teacher showed a read-along video of the book to the fifth graders sitting next to their respective kindergarten buddies. Finally, each fifth grader was instructed to ask their kindergarten buddy to pick a color that represents the buddy's gender identity and trace the buddy's shadow on the ground using that color.

Because selecting one's own gender identity is contrary to S.E. and P.D.'s religious beliefs, they were uncomfortable with the activity. S.E. was "deeply troubled" and told his parents that he was "upset and confused" that his teacher used a book that the teacher knew went against S.E.'s religious beliefs and "used him to convey this troubling message to a kindergartener." P.D. "expressed the same distress" to his parents.

The parent plaintiffs inquired with Defendants why they did not receive notice and an opportunity to opt out, as they normally did when gender identity issues were covered in health education. Defendants responded that Plaintiffs had no right to opt out because the buddy program was not part of a "health unit." The exchanges between Plaintiffs and Defendants after the buddy program activity generated much friction between the parties as well as in the school community.

## B. Procedural Background

On September 10, 2024, Plaintiffs filed the complaint in this action. (Dkt. No. 1.) Plaintiffs asserted that Defendants violated their constitutional rights under the Free Speech Clause of the First Amendment, the Free Exercise Clause of the First Amendment, and the Due Process Clause of the Fourteenth Amendment. (*Id.*) Defendants filed an answer on November 22, 2024. (Dkt. No. 27.) On May 12, 2025, the Honorable M. James Lorenz, the district judge previously assigned to this case, issued an Order Granting in Part Plaintiffs' Motion for Preliminary Injunction. (Dkt. No. 47.)[2] On May 19, 2025, Judge Lorenz issued a preliminary injunction enjoining Defendants from "including in buddy program class activities and materials any gender identity topics covered in health instruction, unless Defendants provide parents with advance notice and an opportunity to opt out." (Dkt. No. 48.) Defendants appealed the preliminary injunction to the Ninth Circuit on June 11, 2025. (Dkt. No. 51.)

During the pendency of the interlocutory appeal, the undersigned held an Early Neutral Evaluation Conference on July 30, 2025, and a Case Management Conference on October 23, 2025. (Dkt. Nos. 60, 63.) During the Case Management Conference, the parties reported that they had attended a full-day mediation before a Ninth Circuit mediator but were unable to resolve the case. (Dkt. No. 63.) The Court issued a scheduling order on

---

[2] The case was reassigned to District Judge Ruth Bermudez Montenegro on June 5, 2025. (Dkt. No. 75.)

November 7, 2025. (Dkt. No. 64.) On November 19, 2025, the Ninth Circuit granted Defendants' motion for voluntary dismissal of their appeal. (Dkt. No. 65.)

The undersigned held attorneys-only Status Conferences on February 5, April 16, and May 28, 2026. (Dkt. Nos. 66, 69, 71.) On June 17, 2026, following a hearing, this Court issued an Order Granting in Part and Denying in Part Defendants' Ex Parte Application to Modify Scheduling Order, Extend Discovery Cut-off, and Expand Scope of Discovery, and issued an amended scheduling order. (Dkt. Nos. 79, 82.) At the joint request of the parties, this Court scheduled an in-person settlement conference for August 27, 2026. (Dkt. No. 86.) On July 8, 2026, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 88.) On July 14, 2026, this Court held a discovery hearing regarding the scope and logistics of the minor plaintiffs' depositions, which were required to be taken by July 31, 2026. (Dkt. No. 90.) Several weeks later, on August 3, 2026, and prior to the settlement conference scheduled with the Court, the parties filed the Joint Motion to Approve Minors' Compromise, Vacate Preliminary Injunction Order, and to Voluntarily Dismiss Action presently before the Court, reflecting that the case had settled. (Dkt. No. 92.)[3]

The Court held a hearing on the joint motion on August 27, 2026. (Dkt. No. 97.) Attorneys Nathan Kellum, Kayla Toney, and Dean Broyles appeared on behalf of Plaintiffs. Attorneys Marisa Janine-Page and Marley Smith appeared on behalf of Defendants. Also present at the hearing were Carlos Encinas, S.E.'s father, and Tom Doe, P.D.'s father.

On September 9, 2026, pursuant to the consent of the parties, the case was referred to the undersigned to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. No. 99.)

---

[3] Although the undersigned discussed settlement with the parties during the Early Neutral Evaluation Conference, the Court has not since engaged in settlement negotiations in this case and was not involved in the settlement reached by the parties.

## II. LEGAL STANDARD

Local Civil Rule 17.1 addresses settlements involving minors:

> **Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

CivLR 17.1(a).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In *Robidoux*, the Ninth Circuit established that district courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. District courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

## III. DISCUSSION

### A. <u>Proposed Settlement Terms</u>

The parties resolved this matter for a total monetary settlement of $175,000.00, to be distributed as follows:

| | |
|---|---|
| Gross Settlement | $ 175,000.00 |
| Settlement Amount to Plaintiff S.E. | $ 10,000.00 |
| Settlement Amount to Plaintiff P.D. | $ 10,000.00 |
| Settlement Amount to Plaintiffs Carlos and Jennifer Encinas | $ 98,000.00 |
| Settlement Amount to Plaintiffs Tom and Rebecca Doe | $ 30,000.00 |
| Attorney's Fees to First Liberty Institute | $ 17,000.00 |
| Attorney's Fees to The National Center for Law & Policy | $ 10,000.00 |

(Dkt. No. 92 at 4.) As part of the settlement, the parties also stipulated to request entry of an order vacating the preliminary injunction issued by Judge Lorenz on May 19, 2025. (*Id.* at 2 & Dkt. No. 92-1 at 2 [referring to Dkt. No. 48].)

In their joint motion, the parties propose that the minors' settlement funds of $10,000.00 each be deposited under the California Uniform Transfers to Minors Act into a qualified tuition plan under Section 529 of the IRS code ("529 education accounts"), with S.E. and P.D., the minors, as custodians, respectively. (*Id.*) At the hearing, the minors' fathers, Carlos Encinas and Tom Doe, clarified that they each intend to deposit the minors' settlement funds into the minors' existing custodial 529 education accounts, on which the minors' parents are named as custodians, and S.E. and P.D. are named as beneficiaries, respectively. Plaintiffs intend that the 529 education accounts be maintained solely for the benefit of the minor plaintiffs, and no disbursements may be made until the minors reach the age of majority. (Dkt. No. 92 at 4.) Plaintiffs also intend for the accounts to employ an investment strategy designed to systematically reduce portfolio risk as each minor approaches the age of eighteen. (*Id.*)

In reviewing a petition to approve a minor's compromise, the court should evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and

reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. Here, the proposed net recovery for Plaintiffs S.E. and P.D. is $10,000.00 each. Considering the facts of the case, Plaintiffs' claims, and recoveries in similar cases, Plaintiffs' net recoveries are fair, reasonable, and in Plaintiffs' best interests for the reasons discussed below.

First, there has been no showing that Plaintiffs S.E. and P.D. suffered psychological harm due to the incidents set forth in the complaint. Although S.E. has received some counseling and may receive more, and P.D. may seek counseling in the future, the connection between the incidents and the counseling is disputed. Given the uncertainties of litigation and the lack of a dispositive ruling on causation, the minors' settlements are fair and reasonable.

Second, Carlos Encinas, S.E.'s father and natural guardian, considers the $10,000.00 settlement amount to be fair, reasonable, and in S.E.'s best interest. (Dkt. No. 92-4.) Similarly, Tom Doe, P.D.'s father and natural guardian, considers the $10,000.00 settlement amount to be fair, reasonable, and in P.D.'s best interest. (Dkt. No. 92-3.)

Third, the net settlement amount per minor is consistent with or exceeds settlements in similar cases. *See, e.g.*, *Cortes v. Nat'l Cmty. Renaissance*, Case No. 3:16-CV-1834-CAB-(MDD), 2018 U.S. Dist. LEXIS 184100 (S.D. Cal. May 11, 2018) (approving net payments of $8,000.00 each to minor plaintiffs in housing discrimination lawsuit in which children did not suffer physical injuries or require any medical or psychiatric treatment for emotional injuries); *Walden v. Moffett*, No. CV-F-04-6680 LJO DLB, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007) (approving a $15,000.00 settlement to a minor who alleged he was subjected to various forms of racial and religious discrimination in elementary school); *Faustino v. Cent. SDHC FHA LLC*, Case No. 16-cv-2326-BAS-AGS, 2018 U.S. Dist. LEXIS 51008 (S.D. Cal. Mar. 27, 2018) (finding $3,000.00 each to four minor plaintiffs in housing discrimination case to be fair and reasonable).

///

///

**B. Method of Disbursement**

"Money or property recovered by a minor . . . by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1(b)(1). Under California law, courts can use a wide variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code §§ 3610 ("When money or other property is to be paid or delivered for the benefit of a minor . . . under a compromise, covenant, order or judgment, and there is no guardianship of the estate of the minor . . . , the remaining balance of the money and other property (after payment of all expenses, costs, and fees as approved and allowed by the court under Section 3601) shall be paid, delivered, deposited, or invested as provided in this article."); 3611 (listing disbursement methods). Under section 3611(d), the court has discretion to disburse a settlement of $20,000 or less in any method the court "determines to be in the best interest of the minor." Cal. Prob. Code § 3611(d).

The Court finds the proposed procedure for disposition of the funds to be in the best interests of the minors and thus consistent with the California Probate Code. *See* Cal. Prob. Code § 3611(d); *Clines v. Cnty. of San Diego*, Case No: 20cv2504-W(BLM), 2022 WL 16851818, at *5 (S.D. Cal. Nov. 10, 2022), *report and recommendation adopted by K.C.A. by and through Purvis v. Cnty. of San Diego*, Case No.: 20-cv-02504-W-BLM (S.D. Cal. Nov. 21, 2022) (approving deposit of net settlement proceeds of $9,441.50 into minor's existing 529 education account); *Miles v. City of Oakland,* Case No: 15-cv-01799-MMC, 2016 WL 3087830 (N.D. Cal. May 2, 2016) (finding proposal to deposit settlement proceeds of minor plaintiffs into 529 education accounts to be fair and reasonable).

**C. Attorney's Fees**

In addition to assessing whether the settlement is fair and reasonable, the Court, under California law, must approve the attorney's fees and costs to be paid for representation of a minor. *See* Cal. Prob. Code § 3601. This requirement applies "regardless of whether the [minor's] claims arise under state or federal law." *Alter by & through Alter v. Cnty. of San Diego*, No. 21-cv-1709-BLM, 2023 WL 4166096, at *5 (S.D. Cal. June 22,

2023). Where counsel represents a minor on a contingency fee basis, attorney's fees are generally limited to 25% of the gross recovery. *See, e.g.*, *Doe v. Lincoln Mil. Prop. Mgmt., LP*, Case No.: 3:20-cv-00224-GPC-AHG, 2020 WL 5810168, at *3 (S.D. Cal. Sept. 30, 2020); *DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020). To determine whether the fee is reasonable, courts consider a myriad of factors including the amount of the fee in proportion to the value of the services performed, the novelty and difficulty of the questions involved and skills required, the amount involved and the results obtained, and the experience and ability of the attorney. Cal. R. Ct. 7.955(b). Here, the parties resolved the matter for a total monetary settlement of $175,000.00. (Dkt. No. 92 at 4.) The parties request that $17,000.00 and $10,000.00 be distributed to Plaintiffs' counsels' firms, First Liberty Institute and The National Center for Law & Policy, respectively. (*Id.*) This constitutes 15.43% of the gross monetary settlement amount. The Court finds that under the facts and circumstances of this action, the requested attorney's fees are fair and reasonable.

## IV. CONCLUSION

For the reasons set forth above, the parties' Joint Motion to Approve Minors' Compromise, Vacate Preliminary Injunction Order, and to Voluntarily Dismiss Action (Dkt. No. 92) is **GRANTED**. The Court hereby **ORDERS**:

1. The settlement amounts of $10,000.00 to Plaintiff S.E. and $10,000.00 to Plaintiff P.D. are hereby **APPROVED**. Attorney's fees of $17,000.00 to First Liberty Institute and $10,000.00 to The National Center for Law & Policy are hereby **APPROVED**.

2. The settlement funds allocated to Plaintiff S.E. shall be deposited into S.E.'s existing custodial 529 education account with S.E. named as beneficiary, and S.E.'s parent(s) named as custodian(s). The 529 education account must be maintained solely for the benefit of S.E. and no disbursements may be made until S.E. reaches the age of majority.

3. The settlement funds allocated to Plaintiff P.D. shall be deposited into P.D.'s existing custodial 529 education account with P.D. named as beneficiary, and P.D.'s parent(s) named as custodian(s). The 529 education account must be maintained solely for the benefit of P.D. and no disbursements may be made until P.D. reaches the age of majority.

4. The preliminary injunction order issued on May 19, 2025 by the Honorable M. James Lorenz (Dkt. No. 48) is hereby **VACATED**.

5. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the case is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over this matter following the dismissal to enforce the terms of the parties' settlement. The Court's retained jurisdiction shall automatically terminate upon payment of the Settlement Amount.

**IT IS SO ORDERED**.

Dated: September 14, 2026

Hon. Steve B. Chu
United States Magistrate Judge