UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

S.E., et al.,

Plaintiffs,

v.

ANDRÉE GREY, et al.,

Defendants.

Case No.: 24-cv-1611-SBC

**ORDER (1) DENYING EX PARTE APPLICATION FOR LIMITED MODIFICATION OF ORDER [DKT. NO. 104] AND (2) SUA SPONTE VACATING AND AMENDING SEPTEMBER 14, 2026 ORDER**

Pending before the Court is Defendants' Ex Parte Application for Limited Modification of Order Granting Motion to Approve Minors' Compromise, Vacate Preliminary Injunction Order, and to Voluntarily Dismiss Action, filed on October 7, 2026 (Dkt. No. 104), which the Court construes as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiffs filed an opposition on October 19, 2026. (Dkt. No. 105.) For the reasons set forth below, the Court **DENIES** Defendants' motion. But, pursuant to Rule 60(a), the Court sua sponte vacates and amends its prior September 14, 2026 Order.

## I. BACKGROUND

The motion presently before the Court arises from the Court's September 14, 2026 Order Granting Joint Motion to Approve Minors' Compromise, Vacate Preliminary

Injunction Order, and to Voluntarily Dismiss Action. (Dkt. No. 103.) Defendants seek a "limited modification" of the "Factual Background" section of the Court's September 14, 2026 order "to make it clear this section recites Plaintiffs' allegations and not uncontroverted facts." (*Id.* at 2.) They contend the impact of the Court's recitation of the "Factual Background" has been "substantial." (*Id.* at 4.) According to Defendants, "[d]isputed allegations are now being repeated in national media reports as facts established by the Court and have generated considerable controversy within the Encinitas community." (*Id.*)

## II. LEGAL STANDARD

Under Rule 59, a party may move the court to "alter or amend a judgment" within "28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Granting a party's Rule 59(e) motion is appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).

Alternatively, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing Fed. R. Civ. P. 60(a)). "The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). To determine whether a mistake may be corrected under Rule 60(a), the Ninth Circuit primarily "focuses on what the court *originally intended* to do." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). "A judge may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court, plus the necessary implications." *Id.*

## III. DISCUSSION

The Court declines to find that its September 14, 2026 Order was "manifestly unjust" under Rule 59(e). Defendants have not persuaded the Court that any media reporting or

controversy in the community was due to the Court's recitation of the factual background of this matter. Therefore, the Court **DENIES** Defendants' Rule 59(e) motion.

The Court recognizes, however, that its September 14, 2026 Order would have benefitted from language making clear that the "Factual Background" section was drawn from Plaintiffs' allegations, not any adjudicated facts. The Court's intent, in setting forth the "Factual Background" section in its September 14, 2026 Order, was to describe only the allegations in Plaintiffs' complaint. Because a correction to the prior order would reflect the Court's original intent, the Court finds that the proper course is to correct its prior order under Rule 60(a). *See Blanton*, 813 F.2d at 1577 ("Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record."). **The Court's amended order will contain only an amendment to the first portion of the "Background" section set forth on pages 1 and 2.**

## IV. CONCLUSION

Based on the foregoing, Defendants' motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**. However, pursuant to Rule 60(a), the Court sua sponte vacates its September 14, 2026 Order and issues an amended order as described above.

Accordingly, **IT IS HEREBY ORDERED** that the Court's September 14, 2026 Order is **VACATED**. An Amended Order Granting Joint Motion to Approve Minors' Compromise, Vacate Preliminary Injunction Order, and to Voluntarily Dismiss Action will be issued forthwith.

**IT IS SO ORDERED**.

Dated: October 29, 2026

Hon. Steve B. Chu
United States Magistrate Judge